IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| LIBERTY MUTUAL INSURANCE COMPANY, *Defendant* | : : : | No. 20-1591 |

## MEMORANDUM

PRATTER, J.                                                                                   FEBRUARY 11, 2021

Following this Court's order granting in part Defendant Liberty Mutual's motion to dismiss the first amended complaint with leave to amend, Mr. Ke filed a notice repleading his statutory bad faith claim. Liberty Mutual moves to dismiss the amended claim. Mr. Ke has not yet opposed the motion, but, for the reasons that follow, the Court denies Liberty Mutual's untimely motion to dismiss.

### BACKGROUND AND PROCEDURAL HISTORY

Because the Court writes primarily for the benefit of the parties, it will discuss only those facts necessary to decide this motion.[1] In December 2020, the Court dismissed Count II of Mr. Ke's amended complaint, alleging statutory bad faith by an insurer against an insured, in violation of 42 Pa. C.S. § 8371. The Court noted that a normal dispute between an insurer and an insured does not, without more, state a claim of bad faith. Although it dismissed the claim at the time, the Court granted Mr. Ke leave to replead this claim within 35 days of the entry of the dismissal order.

---

[1] The Court previously provided a lengthy recitation of the facts and procedural history. *Ke v. Liberty Mut. Ins. Co.*, No. CV 20-1591, 2020 WL 7353892, at *1 (E.D. Pa. Dec. 14, 2020).

1

On January 11, 2021, Mr. Ke—proceeding *pro se*—timely filed a notice with additional allegations regarding the bad faith claim. Doc. No. 20. The Court construes this notice as Mr. Ke's second amended complaint. Liberty Mutual did so too. Nearly a month later, Liberty Mutual filed a motion to dismiss the amended bad faith claim under Rule 12(b)(6). Doc. No. 23. Liberty Mutual did not request an extension of time to file its motion under Rule 6 or otherwise communicate to the Court that its motion would be untimely.

## LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide defendant with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Because Mr. Ke is proceeding *pro se*, the Court must liberally construe the allegations in his pleadings. *Higgs v. Atty. Gen*, 655 F.3d 333, 339 (3d Cir. 2011). But the Court need not ignore or discount reality. Nor must the Court "accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or legal conclusions, *Fowler*, 578 F.3d at 210.[2]

---

[2] The Court notes the stunning similarity (that is to say, virtually verbatim) between the Court's typical published discussion of the Rule 12(b)(6) standard and the language in Liberty Mutual's supporting brief. Although imitation may be the sincerest form of flattery, the Court reminds the members of the bar that appropriating language without attribution is unacceptable even if counsel skips the step of independent research.

## DISCUSSION

"[I]f the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985). A defendant has 21 days after being served with the complaint to file a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(a)(A)(i). The Court did not set any amended timeline extending Liberty Mutual's time to respond here. Mr. Ke submitted his amended claim on January 11, but Liberty Mutual did not file until February 9. Liberty Mutual's motion is thus untimely.

Moreover, Liberty Mutual did not request leave to file its motion late. Fed. R. Civ. P. 6(b). The delay was unexcused and may well be inexcusable.[3] So, the Court will not entertain the substance of the improperly filed motion.

Even if the Court were to ignore the untimely motion and reach the merits, Liberty Mutual moves to dismiss based on extraneous evidence that is not part of the pleadings. In the amended claim, Mr. Ke alleges that Liberty Mutual refused to pay his claim even though he initially refused payment and sought to retain his vehicle. Liberty Mutual seeks to defeat this new allegation by claiming that the evidence produced in discovery renders this claim "inaccurate and misleading." Doc. No. 23-1 at 6. Liberty Mutual references, and attaches to its motion, copies of its responses to Mr. Ke's interrogatories as well as letters produced during discovery.

At the motion to dismiss stage, the Court considers only the complaint, exhibits attached to the complaint, matters of public record, and indisputably authentic documents, provided the claims are based on such documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Liberty Mutual's interrogatory responses are not materials that are properly considered in a Rule 12(b)(6) motion. Regardless of the accuracy—or lack thereof—of this information, it is plainly

---

[3] Although Mr. Ke is proceeding *pro se*, Liberty Mutual has been represented throughout this litigation. The Court assumes counsel is well versed in the Federal Rules of Civil Procedure.

extraneous to the pleadings. The Court declines to consider this evidence as part of a motion to dismiss. And, the Court declines to exercise its discretion to *sua sponte* convert the motion into one for summary judgment.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Defendant's motion to dismiss. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE