IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| LIBERTY MUTUAL INSURANCE COMPANY, *Defendant* | : : : : | No. 20-1591 |

## MEMORANDUM

PRATTER, J.                                                                 NOVEMBER 23rd, 2021

When Zhaojin Ke got into a car accident, his insurer, Liberty Mutual, offered him the value of his car instead of paying for repairs. Mr. Ke sued, claiming that Liberty Mutual had breached its contract, defrauded him, and acted in bad faith. Concluding that no reasonable jury could find that Liberty Mutual did any of those things, the Court granted Liberty Mutual's motion for summary judgment and denied Mr. Ke's motion for the same. Mr. Ke now requests that the Court reconsider its decision. But Mr. Ke has not shown a change in the facts or the law. So the Court affirms its original decision.

### DISCUSSION

Mr. Ke raises a long list of objections to the Court's ruling.[1] To prevail on his request for reconsideration, Mr. Ke must "show (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2021). Mr. Ke has shown none of these.

---

[1] The Court thoroughly discussed the pertinent law and facts in its prior opinion on the parties' cross-motions for summary judgment. The Court thus limits this discussion to Mr. Ke's specific objections.

1

## I. The Court applied the proper summary judgment standard

To start, Mr. Ke accuses the Court of "exclud[ing]" his evidence and considering only Liberty Mutual's "misrepresentations." Doc. No. 67 ¶ 1. Rest assured, the Court considered each document submitted by Mr. Ke. Indeed, the Court primarily cited to the exhibits produced by Mr. Ke himself in support of his motion for summary judgment.

Relatedly, Mr. Ke objects that the Court "frequently" held "that a reasonable juror could not find for him," asserting that "the Court is not the jury and cannot speak on" its behalf. *Id.* ¶ 11. To be sure, a jury, not the Court, must decide most issues of fact. But to get to a jury, the factual issue must be "genuine." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). That is, "the evidence" on that issue must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Put simply, on summary judgment, the Court does not sit in the jury's place and speak on its behalf. Instead, the Court decides if there is enough evidence for the factual dispute to even get to the jury. If not, the Court must grant summary judgment. That is what happened here.

## II. Liberty Mutual properly appraised the van

On the merits, Mr. Ke complains that Liberty Mutual based its appraisal of his van "on an online form" that Liberty Mutual's claims adjuster "filled out himself" instead of a "report signed by a Pennsylvania licensed appraiser." Doc. No. 67 ¶¶ 2–3. As the Court explained in its prior opinion, Liberty Mutual properly used a report from CCC, a licensed appraiser, for its appraisal. Liberty Mutual's claims adjuster input information about Mr. Ke's van into CCC's online form, and CCC then took that information and crafted an appraisal. No Pennsylvania law requires that CCC inspect Mr. Ke's van itself. *See* 31 Pa. Code § 62.3. True, CCC did not include an actual, handwritten signature on the report, at least on the copy provided to this Court. *Compare* Pl.'s Ex.

72, Doc. No. 48-4, *with* 31 Pa. Code § 62.3(a). Still, CCC *effectively* signed the report by including its name on the report and verifying that the report was its "opinion as to the value of" his van. Pl.'s Ex. 72, Doc. No. 48-4. Even without an actual signature, the report remained a valid appraisal.

Mr. Ke also calls CCC's appraisal of his van "problematic" because, he says, CCC "deliberately" did not consider the different mileages of the comparators. Yet the appraisal report shows just the opposite: to figure out the value of the van, CCC looked to price of comparable vehicles, "adjust[ed] for ... mileage." Pl.'s Ex. 78, Doc. No. 48-4.

### III. Liberty Mutual did not mislead Mr. Ke about obtaining salvage title

Next, Mr. Ke asserts that Liberty Mutual wrongly told him that he must take out salvage title before it could pay him because Liberty Mutual "had to apply for a salvage certificate first." Doc. No. 67 ¶ 4. Not so. Per the regulations, "[i]f an *owner* retains possession of a vehicle which is damaged to the extent that it qualifies for vehicle replacement payment, the *owner* shall apply for a certificate of salvage immediately." 75 Pa. Code § 1161(b) (emphases added). In other words, it was Mr. Ke's responsibility, not Liberty Mutual's, to apply for the salvage certificate.

### IV. Liberty Mutual did not act in bad faith by not investigating the accident further

Fourth, Mr. Ke continues to protest that Liberty Mutual did not do more to investigate the driver that caused the accident. But, as explained in the Court's prior opinion, that objection has no merit. Mr. Ke had collision insurance, which meant that Liberty Mutual would cover the damage, no matter the cause. Liberty Mutual did not act in bad faith by not investigating fault when fault had no bearing on the claim.

### V. Mr. Ke has provided no evidence that Liberty Mutual deleted the sales agent's emails in bad faith

Mr. Ke continues to object that Liberty Mutual deleted the emails of the sales agent who sold him the insurance policy. Mr. Ke's accident was in Februrary 2018. The sales agent left Liberty

3

Mutual that March, and Liberty Mutual, according to company policy, deleted his emails. Mr. Ke did not file suit until nearly two years later. Despite this, Mr. Ke still claims that Liberty Mutual was "wrong" to delete the agent's emails because he told the claims adjuster "several times that he would sue." Doc. No. 67 ¶ 7.

Parties must "take reasonable steps to preserve" emails if those emails "should have been preserved in the anticipation ... of litigation." Fed. R. Civ. P. 37(e). That does not mean, however, that companies must hoard all electronic documents just in case someone sues them. Companies have to save documents only when litigation becomes "reasonably foreseeable," not when there is just a "distant possibility of litigation." *Bistrian v. Levy*, 448 F. Supp. 3d 454, 468 (E.D. Pa. 2020).

The Court is doubtful that Liberty Mutual should have reasonably anticipated this suit. Either way, Mr. Ke has provided no proof that Liberty Mutual deleted the agent's emails "with the intent to" prevent Mr. Ke from using them in this litigation. Fed. R. Civ. P. 37(e)(2). Nor has Mr. Ke shown prejudice from not having these emails. R. 37(e)(1). Indeed, Mr. Ke has not even said what he expects to find in those emails that would be relevant to his claims.

## VI. The Court will not add the claims adjuster back into to the case

Reaching back even further, Mr. Ke requests that the Court also reconsider its order on the defendants' motion to dismiss. Originally, Mr. Ke sued both Liberty Mutual and its claims adjuster, Michael Guess. The Court dismissed the claims against Mr. Guess. Doc. No. 17. Now, Mr. Ke wants to add Mr. Guess back in, reinstate his claim of gross negligence, and add a claim for fraudulent nondisclosures and misrepresentation. That request is far too late. Mr. Ke has had the full record before him for months, and yet he did not seek to add in Mr. Guess until now, after summary judgment. He has offered no "colorable excuse" for this delay. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 & n.11 (3d Cir. 2006). Besides, as the Court explained in its prior opinion, no

reasonable juror could find that Mr. Guess made misrepresentations about the policy, Mr. Ke's van, or the requirements of Pennsylvania law. That means that adding these claims against Mr. Guess would be futile. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). The Court will not permit the amendment.

## CONCLUSION

Because Mr. Ke has identified no clear errors of fact or law, the Court denies his motion for reconsideration. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

5